IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DEVON FRED MORELAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:12-CV-93-TMH |
| ) | |
| CHAMBERS COUNTY JAIL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Chambers County Jail located in LaFayette, Alabama, filed this 42 U.S.C. § 1983 complaint for injunctive relief on January 31, 2012 against the Chambers County Jail and Lieutenant Peatry. Plaintiff challenges matters associated with a cell search which occurred at the jail on January 18, 2012. Upon review of the complaint, the court concludes that it is due to be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).[1]

**I. DISCUSSION**

***A. Defendant Peatry***

Plaintiff previously filed two civil complaints against Defendant Peatry alleging that

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

the officer subjected him to excessive force.  *See Moreland v. Peatry*, Civil Action No. 3:11-CV-969-TMH and *Moreland v. Peatry*, Civil Action No. 3:11-CV-1065.[2]  In the instant action, Plaintiff asserts that on January 18, 2012 jail officials conducted a search of inmates and cells on D Block for contraband.  Lieutenant Peatry was one of the officers assigned to search the inmates' cells.  Plaintiff complains that "[i]f [Lieutenant Peatry] was going to search me he should not have been alone in cell 8 with me because I already have a civil case on him for puting [sic] his hands on me so he could have done it again."  Doc. No. 1 at 3.

An essential element of a complaint filed under § 1983 is that the conduct complained of deprived Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Parratt v. Taylor*, 451 U.S. 527 (1981).  In this case, Plaintiff's allegation concerns his fear about what could have occurred while Lieutenant Peatry was conducting a search of his cell in light of the fact that Plaintiff has a civil suit pending against the officer.  Jurisdiction, however, cannot be premised upon a claim based on speculation.  *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985).  Thus, Plaintiff's contention that Defendant Peatry had both motive and opportunity to essentially engage in some type of retaliatory act against him during the cell search is insufficient to state a claim on which relief may be granted in a § 1983 action.  *Conner v. Sticher*, 801 F.2d 1266, 1268 (11th Cir. 1986) (plaintiff's subjective belief that harm may occur fails to implicate a constitutionally protected interest); *Carter v. Heard*, 593 F.2d 10 (5th Cir. 1979)

---

[2] By order entered January 4, 2012, the court directed that Civil Action No. 3:11-CV-1065 be consolidated with Civil Action No. 3:11-CV-969-TMH.

("[T]he injury which his pleadings contemplate is fancied, not real; prospective, not actual; and imagined, not threatened."). Consequently, Plaintiff's complaint against Defendant Peatry is subject to dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as it fails to implicate any constitutional right to which Plaintiff is entitled. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). *See generally McFadden v. Lucas*, 713 F.3d 143, 146 (5th Cir. 1983) (verbal harassment and abuse and mere threatening language and gestures of a custodial officer do not amount to a constitutional violation).

### B. The Chambers County Jail

Plaintiff names as a defendant the Chambers County Jail. The Chambers County Jail is not a legal entity and, therefore, is not subject to suit or liability under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Plaintiff's claims against this defendant are due to be dismissed. *Id.*

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint against the named defendants be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i-ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the

Recommendation **on or before February 17, 2012**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 3rd day of February, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE